# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

——————————————————————

Case No. 5D2025-1179
LT Case No.2015-CA-003209

——————————————————————

TERRY LEE SMITH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

——————————————————————

On appeal from the Circuit Court for Duval County.
Robert M. Foster, Judge.

Matthew J. Metz, Public Defender, and Ryan M. Belanger, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.

July 17, 2026

BOATWRIGHT, J.

Appellant Terry Lee Smith ("Smith") appeals from a final judgment determining him to be a sexually violent predator and ordering his commitment to the Department of Children and Families, under sections 394.910–.932, Florida Statutes (2015) ("the Jimmy Ryce Act"). Smith seeks reversal of the trial court's

order granting summary judgment determining that he was a sexually violent predator under the Jimmy Ryce Act. *See* § 394.917, Fla. Stat. (2015). He claims the trial court erred by applying the wrong legal standard or burden of proof in making its determination, and that he was entitled to a jury trial rather than the court resolving the case using summary judgment procedures. We disagree that the trial court was required to provide Appellant a jury trial but reverse the order of summary judgment as the trial court applied the incorrect burden of proof.

I.

Smith was charged in 2010 in Duval County with a six-count information alleging that he unlawfully entered the victim's home, then held her at gunpoint while he tied her up and sexually battered her. Specific to this appeal, in count IV, he was charged with sexual battery, and in count VI, he was charged with kidnapping with a firearm. Smith went to trial, and the victim testified consistent with the allegations in the information. The victim related Smith forced his way into her apartment, held her at gunpoint, tied her up and then forced her to perform oral sex on him while he penetrated her vagina with his fingers all without her consent.[1]

Smith testified on his own behalf at trial and gave a different version of events. He testified the victim was a prostitute he had met her earlier in the day, and he agreed to pay her to have sex with him. He claimed that his purpose for going to her apartment was to have sex with her. Under their agreement, she let him into the apartment. He denied holding her at gunpoint or tying her up. Smith did not deny performing the sexual acts as described by the victim but stated they were consensual. Smith further alleged that after their sexual encounter was finished, he did not pay for her services and this was why she made these allegations against him.

---

[1] Smith had a co-defendant who entered the residence with him and was similarly charged. He pled guilty to armed burglary with a firearm, two counts of sexual battery with a firearm, and one count of kidnapping with a firearm. He then testified for the State at trial and corroborated the victim's testimony.

2

As to the sexual battery charge, the jury found Smith guilty of the lesser-included offense of battery, and he was found guilty of the lesser-included offense of false imprisonment on the charge of kidnapping with a firearm. He was acquitted on all other charges. He was sentenced to a year in the county jail on the battery charge and five years in the Department of Corrections on the false imprisonment charge.

Subsequently, in 2015, the State filed a petition pursuant to the Jimmy Ryce Act to have Smith declared a sexually violent predator and to be committed to the custody of the Department of Children and Families for long-term control, care, and treatment. The State moved for summary judgment and submitted there was no genuine issue of material fact, and they were entitled to judgment as a matter of law regarding whether Smith qualified as a sexually violent predator under the Jimmy Ryce Act. Specifically, the State alleged it was undisputed that Smith had been convicted of a sexually violent offense; and he suffered from a mental abnormality or personality disorder that made him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. To support their motion, the State submitted Smith's sworn trial testimony and multiple expert opinions.

Smith filed a response which only disputed whether he was convicted of a sexually violent offense. Smith's response did not challenge the expert opinions. The opinions were all in agreement that Smith suffered from a mental abnormality or personality disorder that made him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. The State in their motion and at the summary judgment hearing argued that Smith had committed a sexually motivated offense for the purpose of sexual gratification which qualified as a sexually violent offense per sections 394.912(9)(h) and 394.912(8), Florida Statutes (2015). To support this position, the State pointed to Smith's sworn trial testimony in which he admitted that the purpose of his encounter was solely for sexual gratification as his goal was to engage in sexual activity with the victim. According to the State, Smith admitted that he was in the victim's apartment to engage her services as a prostitute. He admitted to having oral sex performed by the victim and to

3

digitally penetrating her vagina with his fingers. Smith argued that there was an issue in dispute as he had only been convicted of battery and false imprisonment, which were not sexually motivated crimes, and thus the matter was one for a jury to resolve.

After the hearing on the State's motion for summary judgment, the trial court entered an order granting the State's motion. The trial court's rationale was provided in its order:

> The issue before the Court as articulated by Respondent in the Response is "whether the crimes for which the Respondent was convicted were sexually motivated." The transcript of the trial proceedings, show, and as Respondent so testified, he made "arrangements" with the victim about "having sex with her." During the course of his arranged encounter with the Victim, he admitted to having "oral sex with her" and "using his hand on her vagina." Although Respondent was not found guilty of the felony charges, he was found guilty of battery and false imprisonment on the victim during this sexual encounter, which "arrangement" [he made] as far as "paying her a visit." The circumstances under which the Respondent was convicted of the violent offenses of battery (the intentional touching or striking of another person against their will, or intentionally causing bodily harm) and false imprisonment (confining, abducting, or restraining someone against their will without legal authority) were clearly "sexually motivated" and for Respondent's sexual gratification. A sexually violent offense does not have to be a felony nor is there a requirement that the charge must contain the word "sexual."

The court concluded by stating that "the State has proven by clear and convincing evidence that the Respondent has been convicted of a sexually violent offense" and that he suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined to a secure facility for long term control, care and treatment. Smith timely moved for rehearing. He argued that there were issues in dispute, and that the trial court applied the incorrect burden of proof in finding that

4

he committed a sexually violent offense. According to Smith, this resulted in the court incorrectly finding that he was a sexually violent predator. The court in an unelaborated order denied Smith's motion for rehearing.

## II.

Chapter 394, Part V, Florida Statutes, governs civil commitment proceedings under the Sexually Violent Predators Act. To determine if an individual qualifies for commitment under the Sexually Violent Predators Act, commonly known as the Jimmy Ryce Act, a "court or jury shall determine by clear and convincing evidence whether the person is a sexually violent predator." § 394.917(1), Fla. Stat. (2015). A sexually violent predator is one who:

(a) Has been convicted of a sexually violent offense; and
(b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.

*Id.* § 394.912(10). Smith only challenges the trial court's determination that he was convicted of a sexually violent offense.

To be convicted of a sexually violent offense, a person must be "[a]djudicated guilty of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere[.]" *Id.* § 394.912(2)(a). Relevant to this appeal, a sexually violent offense is defined as "[a]ny criminal act that, either at the time of sentencing for the offense or subsequently during civil commitment proceedings under this part, has been determined beyond a reasonable doubt to have been sexually motivated." *Id.* § 394.912(9)(h). In relation to this provision, "sexually motivated means that one of the purposes for which the defendant committed the crime was for sexual gratification." *Id.* § 394.912(8).

The Florida Supreme Court has held that an involuntary civil commitment proceeding under the Jimmy Ryce Act is civil and not criminal. *See Mitchell v. State*, 911 So. 2d 1211, 1215 (Fla. 2005) ("[I]t is now settled law that the statutes authorizing civil

5

commitment of sexually violent predators (i.e., the Jimmy Ryce Act), are civil."). Accordingly, Jimmy Ryce proceedings are governed by the Florida Rules of Civil Procedure For Involuntary Commitment of Sexually Violent Predators which were adopted by the Florida Supreme Court and became effective on July 9, 2009. *In re Fla. Rules Civ. Proc. For Involuntary Commitment of Sexually Violent Predators*, 13 So. 3d 1025 (Fla. 2009). Pertinent to this appeal, Rule 4.110(a) allows for cases to be resolved via summary judgment and provides that "[a]fter the pleadings and discovery are closed, but within such time as not to delay the trial, any party may move for summary judgment. Summary judgment practice is governed by Fla. R. Civ. P. 1.510." Fla. R. Civ. P. –S.V.P. 4.110(a).

"To prevail on a motion for summary judgment, a movant must show that (1) there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law." *Ahmed v. Mid Fla. Dev., LLC,* 412 So. 3d 167, 174 (Fla. 5th DCA 2025) (quoting *Olsen v. First Team Ford, Ltd.,* 359 So. 3d 873, 876 (Fla. 5th DCA 2023) (citation modified). "[A] genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for [the non-moving] party." *Duran v. Crab Shack Acq., FL, LLC*, 384 So. 3d 821, 824 (Fla. 5th DCA 2024) (alteration in original)(quoting *Welch v. CHLN, Inc.,* 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023)). This standard "closely mirrors the standard for directed verdict, in which the focus of the analysis is whether the evidence presents a sufficient disagreement to require submission to a jury." *Jackson v. Fla. Dep't of Transp.*, 422 So. 3d 586, 589–90 (Fla. 5th DCA 2025) (quoting *Carpio v. W. Beef of Fla., LLC,* 384 So. 3d 192, 193 (Fla. 4th DCA 2024)).

"Properly understood, summary judgment is akin to a pre-trial directed verdict." *Ortega v. JW Marriott Inv., LLC ,* 405 So. 3d 473, 477 (Fla. 3d DCA 2025) (quoting *CG Tides LLC v. SHEDDF3 VNB, LLC,* 388 So. 3d 1081, 1084 (Fla. 3d DCA 2024)). To determine whether the moving party is entitled to judgment as a matter of law, the trial court must apply the standard that determines whether a party is entitled to a motion for directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding the standard for granting summary judgment mirrors the standard for granting a directed verdict). Accordingly, the trial court must decide whether, under the applicable law, there can be

but one reasonable conclusion as to the verdict rendered at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment is improper where a "reasonable jury could return a verdict for the nonmoving party." *Lattimer v. Babcock,* No. 5D25-0160, 2026 WL 1189111, at *2 (Fla. 5th DCA May 1, 2026) (quoting *In re Amends to Fla. R. Civ. Pro. 1.510*, 309 So. 3d 192, 192-93 (Fla. 2020)) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *Cont'l Grain Co. v. Puerto Rico Mar. Shipping Auth.,* 972 F.2d 426, 431 (1st Cir. 1992).

The appropriate burden of proof should be considered in determining whether the movant is entitled to summary judgment. *K & M Elec. Supply, Inc. v. Brown Elec. Sols., LLC*, 2026 WL 885683, at *2 (Fla. 4th DCA 2026); *Anderson,* 477 U.S. at 255 ("[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."). While a plaintiff must generally establish their case by a preponderance of the evidence, a trial court must account for any heightened burden of proof when evaluating a motion for summary judgment. *See Flynn v. Wilson,* 398 So. 3d 1103, 1114 (Fla. 2d DCA 2024) (noting, to avoid summary judgment on a defamation claim, a public-figure plaintiff must present record evidence sufficient to satisfy the court that a genuine issue of material fact exists which would allow a jury to find by clear and convincing evidence the existence of actual malice on the part of the defendant); *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004), *as amended* (Aug. 12, 2004); *Orozco v. McCormick 105, LLC*, 276 So. 3d 932, 935 (Fla. 3d DCA 2019) (holding that under the civil theft statute, before summary judgment can be granted, a plaintiff must show that there are no material facts in dispute and the elements of civil theft are proven by clear and convincing evidence). Thus, if the record evidence supports that a reasonable jury could not differ about the existence of a material fact, and all the legal elements are established by the appropriate burden, then the movant is entitled to judgment as a matter of law and granting summary judgment is appropriate. *Justofin,* 372 F.3d at 521; *cf. Dolgen Corp, LLC v. Doty*, 383 So. 3d 864, 866 (Fla. 5th DCA 2024) ("A directed verdict is proper when the evidence, viewed in the light most favorable to the non-moving party, shows that a jury could not reasonably differ about the existence of a material fact and the movant is entitled to judgment

7

as a matter of law.") (citation modified). However, if the evidence is such that a reasonable jury could find that the moving party has not shown all the elements by the appropriate burden then the motion for summary judgment should be denied. *Id.*

Because we are required to analyze and interpret a statute to resolve the issues of this case, our analysis of the statute turns on the plain language of the text. *Halifax Hosp. Med. Ctr. v. State*, 278 So. 3d 545, 548 n.3 (Fla. 2019) ("The interpretation of a statute begins with the plain meaning of the actual language the statute employs.") (citation modified). In interpreting statutes, every word "is to be expounded in its plain, obvious, and common sense" meaning absent some contrary indication in the statute. *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946–47 (Fla. 2020) (citation omitted). Additionally, "[i]f statutory language is 'clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" *State v. D.C.,* 114 So. 3d 440, 441 (Fla. 5th DCA 2013) (quoting *Diamond Aircraft Indus., Inc. v. Horowitch,* 107 So. 3d 362, 367 (Fla. 2013)).

"Where the legislature has used particular words to define a term, the courts do not have the authority to redefine it." *Baker v. State*, 636 So. 2d 1342, 1343–44 (Fla. 1994). However, when "the [L]egislature has not defined the words used in a [statute], the language should be given its plain and ordinary meaning." *N.H. v. State,* 358 So. 3d 477, 482 (Fla. 5th DCA 2023) (quoting *Debaun v. State*, 213 So. 3d 747, 751 (Fla. 2018)). "When considering the plain meaning of terms used in a statute, this Court looks first to the terms' ordinary definitions, which may be derived from dictionaries." *Id.* (citation modified); *see also Kidwell Group, LLC v. ASI Preferred Ins. Corp.,* 351 So. 3d 1176, 1179 (Fla. 5th DCA 2022); *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) ("When a contested term is undefined in a statute or by our cases, we presume that the term bears its ordinary meaning at the time of enactment, taking into consideration the context in which the word appears. And we typically look to dictionaries for the best evidence of that ordinary meaning.") (footnote omitted).

A.

8

Smith first argues that the trial court applied the wrong legal standard or burden of proof in granting summary judgment in favor of the State. Specifically, Smith argues that the trial court erred in when it determined that he committed a sexually violent offense by clear and convincing evidence. Smith argues that although the court shall determine by clear and convincing evidence whether an individual is a sexually violent predator, when determining whether he committed the specific sexually violent offense alleged by the State then the trial court was required to apply the beyond a reasonable doubt standard.

The first step in determining whether an individual qualifies as a sexual violent predator is to determine whether the individual was convicted of a sexually violent offense. Section 394.912(9) contains a list of numerous crimes and acts that constitute sexually violent offenses. Sexual battery qualifies as one of those offenses. However, Smith was convicted of only the lesser-included offenses of battery and false imprisonment which are not specifically listed in section 394.912(9). As a result, the State sought to establish that the criminal acts Smith was convicted of were sexually motivated so as to qualify the acts as sexually violent offenses per section 394.12(9)(h).

Although many of the crimes and offenses listed in section 394.912(9) only require proof by clear and convincing evidence, under section 394.912(9)(h), the State was required to establish and the trial court was to determine that the crime or crimes were sexually motivated beyond a reasonable doubt. § 394.912(9)(h), Fla. Stat. Specifically, the statutory language clearly provides that the criminal act relied upon by the State must be "determined beyond a reasonable doubt to have been sexually motivated." *Id.* The trial court stated in its order that "the State has proven by clear and convincing evidence that the Respondent has been convicted of a sexually violent offense." This was error as the trial court did not apply the beyond a reasonable doubt standard in its analysis of the State's motion. Smith argued this in his motion for rehearing, but the trial court denied his motion and did not address the error. Therefore, because the trial court applied the clear and convincing evidence standard, rather than making the determination of whether Smith's offenses were sexually

9

motivated beyond a reasonable doubt, we reverse the trial court's order of summary judgment regarding this issue. *See Anderson,* 477 U.S. at 255.

B.

Smith also argues on appeal that the trial court erred in granting summary judgment because the issue of whether the crimes were sexually motivated is in dispute. Smith argues that although he was charged with numerous sexually violent offenses, he was only found guilty of battery and false imprisonment which are not specifically listed as sexually violent offenses under the statute. Smith claims the issue of whether the crimes were sexually motivated is in dispute because the jury in the criminal case made no finding that the crimes he was convicted of were sexually motivated. As a result, Smith argues that a jury must be convened, under the statute, to determine at the beyond a reasonable doubt level of proof whether the battery or false imprisonment convictions were sexually motivated. Thus, the crux of Smith's argument is that he is entitled to a jury trial and a motion for summary judgment cannot be used to resolve the issue of whether someone was convicted of a sexually motivated offense per section 394.12(9)(h) under the specific facts of this case. We disagree with Smith on this issue.

As stated previously, a sexually violent offense can be "any criminal act that, either at the time of sentencing or subsequently during civil commitment proceedings under section [394.912(9)(h)], has been determined beyond a reasonable doubt to have been sexually motivated." Sexually motivated means that one of the purposes for which the defendant committed the crime was for sexual gratification. § 394.912(8), Fla. Stat. Thus, all that needs to be determined is whether one of Smith's purposes for committing the crimes of battery and false imprisonment was for sexual gratification. *See Barber v. State*, 207 So. 3d 910, 912 (Fla. 1st DCA 2016) (holding that a conviction for the crime of felony battery could be considered a sexually violent offense under the Jimmy Ryce Act if it was subsequently determined to be proven beyond a reasonable doubt to have been sexually motivated).

10

Smith argues this determination can only be made by a jury. But the statutory language requires only that the determination be made during the commitment proceedings.[2] The Florida Rules of Civil Procedure For Involuntary Commitment of Sexually Violent Predators allows for cases to be resolved via summary judgment, and thus, this would be part of the commitment proceedings. *See James v. State*, No. 1D-2025-0938, 2026 WL 816069, at *2 (Fla. 1st DCA May 25, 2026) (holding the use of the summary judgment procedure is appropriate under the Jimmy Ryce Act and does not violate a respondent's right to a jury or to due process); *see also Gering v. State*, 252 So. 3d 334, 337 (Fla. 3d DCA 2018) (acknowledging that summary judgment procedures are available for use in Jimmy Ryce proceedings). Accordingly, if the State could show that there were no genuine issues of material fact that the crime was committed for the purpose of sexual gratification, then a court should be allowed to determine, as a matter of law, whether the crime was sexually motivated beyond a reasonable doubt. Thus, if the record evidence indicates that a reasonable jury would be unable to find the crime was not committed for sexual gratification, and all the legal elements are established by the appropriate burden, then the State would be entitled to judgment as a matter of law and an order of summary judgment would be appropriate.

We acknowledge that Smith could be correct under an appropriate factual scenario that an order of summary judgment would be inappropriate when proceeding under section 394.912(9)(h). This could occur where a factual dispute exists regarding whether an individual's purpose for committing the

---

[2] Smith broadens his argument in his reply brief. He argues that constitutionally he is entitled to a jury trial and the use of summary judgment should not be appropriate to commit an individual under the Jimmy Ryce Act. We disagree with this broad assertion as the Florida Legislature has specifically provided for the use of the summary judgment procedure under this Act. *See, e.g., Westerheide v. State,* 831 So. 2d 93, 100 (Fla. 2002) (holding that the Jimmy Ryce Act "was clearly intended to create a civil commitment scheme" for those who are determined to be sexually violent predators under the Act and the involuntary civil commitment proceedings are civil, not criminal).

crime was for sexual gratification. However, the facts surrounding Smith's case appear much different.

Although we do not reach the issue of whether summary judgment should be granted in this case as the trial court employed the wrong burden of proof, we note that the State attached Smith's trial testimony that provided the sole purpose of his encounter with the victim was to have sexual relations with her. He went to her residence solely to have sex with her according to his own testimony. Then, he admitted that he had oral sex with her and penetrated her vagina with his fingers. He provided no record evidence to dispute this.

Although Smith testified these acts were consensual, such acts appear to meet the definition of sexual gratification which is the act of satisfying one's own sexual desires.[3] Smith was then convicted of the crimes of battery and false imprisonment arising out of this sexually motivated encounter. Under the facts in this case, it does not appear that a jury would need to determine whether these crimes were sexually motivated if the trial court could properly determine that the crimes were committed for the purpose of sexual gratification beyond a reasonable doubt. For these reasons, we disagree that a jury trial is required under the facts of this case or anytime the State seeks to commit an individual under section 394.912(9)(h).

## C.

We disagree that a jury trial is required every time the statutory provision at issue is utilized because summary judgment may be granted under the appropriate circumstances, even when determining whether the crime is sexually motivated beyond a

---

[3] Although the legislature does not define the term sexual gratification, when resorting to dictionary definitions, sexual is defined as "relating to, involving, or characteristic of sex or sexuality, or the sex organs and their functions: sexual partners; sexual fantasies; sexual dysfunction." *Sexual,* American Heritage Dictionary (5th ed. 2016). Gratification is defined as "to satisfy." *Gratification,* American Heritage Dictionary (5th ed. 2016).

reasonable doubt. However, we decline to determine whether granting summary judgment would have been appropriate in this case as the trial court applied the incorrect burden of proof in making its decision. Therefore, we reverse the order of summary judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WALLIS and HARRIS, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––